UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. SCHRUBB,<br><br>Plaintiff,<br><br>v.<br><br>F. N. U. JAGER, et al.,<br><br>Defendants. | Case No. 13-04163 BLF (PR)<br><br>**ORDER GRANTING MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS; DIRECTING PLAINTIFF TO PAY THE FULL FILING FEE**<br><br>(Docket Nos. 71, 72 & 79.) |

Plaintiff, a California inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against officials at Pelican Bay State Prison ("PBSP"), where Plaintiff was formerly incarcerated. On February 6, 2015, the Court granted Defendants' motion to revoke Plaintiff's *in forma pauperis* ("IFP") status. (*See* Docket No. 51.) After Plaintiff failed to pay the filing fee, the Court dismissed the action on March 9, 2015. (*See* Docket No. 53.) Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit. (*See* Docket No. 55.) The matter was reopened after the Ninth Circuit vacated and remanded for a determination of whether two of the lawsuits identified as strikes still qualified in light of its recent decision in *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048 9th Cir. 2016), which was retroactively applied. (*See* Docket No. 60.)

The Court directed Defendants to resubmit a motion to revoke Plaintiff's IFP status,

and therein to specifically discuss whether the two lawsuits discussed by the Ninth Circuit still qualified as strikes under *Washington*. (Docket No. 64.) Defendants filed a motion to revoke Plaintiff's IFP status, (Docket No. 71, hereafter "Mot."), and a related Request for Judicial Notice, (Docket No. 72, hereafter "Defs.' RJN"). Plaintiff filed an opposition, (Docket No. 78), and a related Request for Judicial Notice, (Docket No. 79, hereafter "Pl.'s RJN"). Defendants filed a reply. (Docket No. 80.) Defendants thereafter filed a statement of recent decision under Local Rule 7-3(d), (Docket No. 83), to which Plaintiff filed an opposition, (Docket No. 85[1]).

For the reasons discussed below, the motion to revoke Plaintiff's IFP status is **GRANTED**. Plaintiff is granted fourteen (14) days to pay the full filing fee or the case will be dismissed without prejudice.

## DISCUSSION

### A.    28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

---

[1] Plaintiff filed an "amended opposition" to correct an error in the first brief he filed, filed under Docket No. 84. (*See* Docket No. 85-1.) Accordingly, the Court will disregard the first brief and consider only this latter document as the opposition.

For purposes of § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance; having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*Andrews I*") (citation omitted). Defendant bears the burden of establishing that Plaintiff has three or more qualifying dismissals under § 1915(g) (or "strikes"), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. *Id*. at 1120.

"Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." *Id.* at 1120. The prisoner must be given notice of the potential disqualification under § 1915(g) -- by either the district court or the defendants – but the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id.*

**B.    Plaintiff's Prior "Strikes"**

Defendants assert that the same three lawsuits they identified in their original motion to revoke Plaintiff's IFP status constitute strikes: (1) *Schrubb v. CDC*, No. 2:04-cv-2704-GEB-CMK (E.D. Cal. Dec. 27, 2004) (hereafter "*CDC*"); (2) *Schrubb v. Bonner, et al.*, No. 2:05-cv-01508-LKK-EFB (E.D. Cal. Jan. 6, 2006) (hereafter "*Bonner*"); and (3) *Schrubb v. Tilton, et al.*, No. 3:09-cv-02197-JSW (N.D. Cal. May 19, 2009) (hereafter "*Tilton*"). (Mot. at 3-4; Defs.'s RJN, Exs. A-U, W-BB.) In addition, Defendants argue that Plaintiff has a fourth strike from an action he filed on March 19, 1996, while previously incarcerated in Virginia: *Schrubb v. Byrd, et al.*, No. 7:96-cv-00282-JCT (W.D. Va.) (hereafter "*Byrd*"). (Mot. at 4; Defs.' RJN, Exs. CC-EE.)

Defendants' request for judicial notice of the court records for these four lawsuits, (Docket No. 72), is **GRANTED**, as is Plaintiff's request for judicial notice of additional

court records from these same lawsuits, (Docket No. 79). *See* Fed. R. Evid. 201(b).

## 1. *CDC*

In *CDC*, the district court adopted the findings and recommendations of the magistrate judge and dismissed the first amended complaint for failure to state a claim upon which relief can be granted on January 26, 2006. (Defs.' RJN, Exs. A-E.) Defendants assert that failure to state a claim is a qualifying reason for a strike under § 1915(g). (Mot. at 6.) Nowhere in his opposition does Plaintiff challenge this assertion. Accordingly, the Court finds that Defendants have met their burden of establishing that *CDC* was dismissed for a qualifying reason under § 1915(g), and therefore counts as a strike. *See Andrews I*, 398 F.3d at 1120.

## 2. *Bonner*

In *Bonner*, the magistrate judge screened Plaintiff's complaint and determined that it violated *Heck v. Humphrey*, 512 U.S. 477 (1994). (Defs.' RJN, Ex. L.) When Plaintiff was ordered to show cause why the complaint should not dismissed pursuant to *Heck*, Plaintiff conceded that he could not demonstrate that his convection or sentence had been invalidated. (*Id.*, Ex. M.) The district judge adopted the magistrate judge's findings and recommendations in full, and dismissed the action on March 29, 2007. (*Id.*, Ex. N.) The Court originally found that *Bonner* qualified as a strike under § 1915(g) because district courts within the Ninth Circuit, including this one, have held that dismissal under *Heck* counts as a strike. (Docket No. 51 at 4-5.) The Ninth Circuit specifically remanded the matter for further proceedings to consider whether *Bonner* still qualified as strikes under its recent decision in *Washington*, 833 F.3d 1048. (Docket No. 60 at 2-3.)

In *Washington*, the Ninth Circuit clarified that a dismissal under *Heck* may constitute a strike under § 1915(g) for failure to state a claim when *Heck*'s bar to relief is obvious from the face of the complaint, *and* the entirety of the complaint is dismissed for a qualifying reason under § 1915(g). 833 F.3d at 1055. Only a complete dismissal of an action under *Heck* -- rather than the dismissal of a particular claim within that action -- can

constitute a strike under § 1915(g). *See id.* at 1057-58 (declining to impose strike with respect to action where plaintiff's *Heck*-barred damages claims were intertwined with his habeas challenge to the underlying sentence). This full-case dismissal rule applies to non-*Heck* dismissals as well. *See Andrews v. Cervantes*, 493 F.3d 1047, 1054 (9th Cir. 2007) (when presented with multiples claims within a single action, we assess as strike under § 1915(g) only when the case as a whole is dismissed for a qualifying reason).

Defendants assert that in *Bonner*, Plaintiff brought a § 1983 action seeking only money damages based on allegations that defendants mishandled his legal mail and prevented him from preparing an adequate defense in his criminal proceeding. (Mot. at 7, citing Defs.' RJN, Ex. K.) The district court dismissed the action in its entirety, finding that Plaintiff's allegations necessarily implied the invalidity of his conviction. (*Id.*, Exs. L-N.) Furthermore, Plaintiff did not seek injunctive relief with respect to his criminal sentence. (*Id.*) Defendants argue that because *Heck* deficiency is clear from the face of the complaint and Plaintiff sought only damages, the district court's dismissal in *Bonner* qualifies as a strike. (*Id.*)

In opposition, Plaintiff asserts that the dismissal was erroneous and that the *Heck* bar was not obvious from the face of the complaint. (Opp. at 9.) Plaintiff asserts that *Bonner* contains claims "that are, on their face, unrelated to Plaintiff's conviction or sentence." (*Id.* at 12.) *Bonner* was based on allegations that jail officials unlawfully interfered with Plaintiff's "confidential/legal" which violated state and federal law, including the First and Fourteenth Amendments. (*Id.* at 9-11.) Plaintiff contends that "the claims, as they were written, may have forced the court to err on the side of caution as an enterprising attorney or pro per petition may have been able to call into question the validity of Plaintiff's conviction and sentence upon a successful § 1983 action." (*Id.* at 11.) Plaintiff likens *Bonner* to *Washington*, wherein the Ninth Circuit reviewed a strike that contained "multiple claims within a single action" and ultimately declined to impose a strike with respect to the entire action. (*Id.* at 12.)

After reviewing the relevant papers, the Court is not persuaded that the *Bonner* dismissal should not count as a strike under § 1915(g), even after taking into consideration the Ninth Circuit's decision in *Washington*. In *Bonner*, Plaintiff claimed that defendants performed cursory examinations of his legal correspondence and then refused to permit him to deliver it to a court-appointed investigator for deposit in the mail or to receive mail, thereby violating his constitutional rights to due process, effective assistance of counsel, prepare a defense, and access to the courts. (Defs.' RJN, Ex. K at 24-26.) Due to defendants' actions, Plaintiff claimed that he "suffered an egregious sentence" and was therefore entitled to compensatory and punitive damages "for injuries suffered." (*Id.* at 26.) Accordingly, it appears that the district court in *Bonner* viewed it as similar to the case presented in *Heck* itself, "where a prisoner filed a civil suit seeking purely money damages related to an allegedly unlawful conviction." *Washington*, 833 F.3d at 1057, citing *Heck*, 512 U.S. at 479. Furthermore, Plaintiff made no specific claim for injunctive relief, e.g., voiding of his sentence, unlike the prisoner in *Washington* who specifically sought injunctive relief in the form of a "recall" of his sentence which prompted the district court to advise him "that habeas proceedings were 'the proper mechanism' for challenges to his sentence." 833 F.3d at 1057-58. There was no such "intertwining" of damage claims with habeas relief in *Bonner* as in *Washington*. *Id.* Accordingly, the Court finds that in *Bonner*, the "case as a whole" was dismissed under *Heck*, and therefore constitutes a strike under § 1915(g) as a dismissal for failure to state a claim. *See Cervantes*, 493 F.3d at 1054.

### 3. *Tilton*

On remand, the Ninth Circuit also found it was unclear whether *Tilton* was dismissed in full for a qualifying reason, *i.e.*, as frivolous, malicious, or for failure to state a claim, and remanded for further proceedings to determine whether *Tilton* constitutes a strike under *Washington*, 833 F.3d at 1057. (Docket No. 60 at 2.)

In *Tilton*, Plaintiff's original complaint was dismissed with leave to amend to

6

United States District Court
Northern District of California

identify specific individuals as defendants. (Defs.' RJN, Ex. R.) Plaintiff filed a first amended complaint containing two claims: deliberate indifference to safety and due process claim for the deprivation of property. (*Id.*, Ex. S.) The district court found that the deliberate indifference to safety claim was insufficient because Plaintiff had again failed to name any defendants. (*Id.*, Ex. T.) Plaintiff's claim regarding the "random and unauthorized deprivation of property" was found to be "the sort of claim that is not cognizable under Section 1983" and dismissed. (*Id.* at 3.) In conclusion, the district court dismissed without prejudice Plaintiff's Eighth Amendment claims to filing them "in a new complaint filed in a new case in which he names the responsible Defendants." (*Id.*)

Defendants assert that while multiple claims were presented in *Tilton* and were dismissed for different reasons, the action constitutes a strike because the "case as a whole" was dismissed for a qualifying reason under § 1915(g). (Mot. at 7-8.) Plaintiff disagrees, asserting that the deficiency of the Eighth Amendment claim was not in the claim itself, but the failure to name the responsible Defendants. (Opp. at 13.) Plaintiff points out that he was permitted to pursue the claim in a separate action after the Ninth Circuit found he was not responsible for the inability to name the proper Defendants. (*Id.*, Ex. D at Ex. 28.[2]) In reply, Defendants repeat their assertion that the "case as a whole" was dismissed for a qualifying reason under § 1915(g). (Reply at 6.)

"[R]epeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108 (9th Cir. 2013). Complaints can run afoul of Rule 8(a) by (1) saying "too little," that is, by

---

[2] That separate action is *Schrubb v. Lopez, et al.*, Case No. 12-cv-00418-JWS. (Reply at 4.) Defendants filed a statement of recent decision in this case, notifying the Court that Plaintiff's IFP status was revoked on March 14, 2018, based on the district court's determination that *CDC*, *Bonner*, and *Byrd* qualified as strikes. (Docket No. 83, Attach.)

failing to meet the *Iqbal*[3] pleading threshold, or (2) saying "too much." *Id.* at 1108-10. In its order of dismissal with leave to amend, the district court in *Tilton* specifically advised Plaintiff that the complaint failed to meet the pleading requirements of Rule (8)(a)(2) of the Federal Rules of Civil Procedure, and that he "must specifically identify what any named Defendant did or did not do to state a claim against them." (Defs.' RJN, Ex. R at 2-3.) The district court advised Plaintiff that "[w]ithout this basic information, the complaint cannot proceed." (*Id.* at 4.) In his first amended complaint, Plaintiff again failed to name any specific defendants with respect to his claim of deliberate indifference to safety. (*Id.*, Ex. S at 2.) As *Knapp* stated, "When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim." 738 F.3d at 1110. Accordingly, it is reasonable to conclude that the district court dismissed the deliberate indifference claim for failure to state a claim under § 1915(g), and did so without prejudice to allow Plaintiff to pursue the claim at a later time after he has identified Defendants by name, which he was clearly able to do. Furthermore, *Washington* did not change the rule set forth in *Knapp*. Rather, the Ninth Circuit specifically stated its holding under *Knapp* when it discussed dismissals for failure to state a claim under the *Heck* bar. *Washington*, 833 F.3d at 1055. Lastly, the Ninth Circuit has held that when the district court dismisses a complaint for failure to state a claim and grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017). This is similar to what occurred here, where Plaintiff clearly failed to state a cognizable (Eighth Amendment) claim in the original complaint, was given an opportunity to amend to correct that deficiency, failed to ultimately correct the deficiency in a subsequent response, which resulted in a dismissal

---

[3] To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

that now may count as a strike.

With respect to the dismissal of the property claim, the district court cited Ninth Circuit authority holding that "[t]he availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides adequate procedural due process," *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986), and that "California law provides an adequate post-deprivation remedy for any property deprivations," *see Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). ((RJN, Ex. O at 3.) Accordingly, it is reasonable to conclude that the district court dismissed the property claim for failure to state a claim upon which relief may be granted because "an adequate state post deprivation remedy… precludes relief." (*Id.*)

Based on the foregoing, the Court finds that *Tilton* constitutes a strike under *Washington*, 833 F.3d at 1057, because it was dismissed in full for a qualifying reason, *i.e.*, for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

### 4.  *Byrd*

It is undisputed that prior to his incarceration in California, Plaintiff was incarcerated in Virginia. (Cervantes Decl. ¶¶ 3-5, Docket No. 71-2; Brown Decl. ¶¶ 1-14, Docket No. 71-1.) While incarcerated there, a district judge in the Western District of Virginia dismissed one of Plaintiff's § 1983 lawsuits, *Byrd*, as frivolous under 28 U.S.C. § 1915(d). (RJN, Exs. CC-EE.) Plaintiff sought and received IFP status in that case, and after it was dismissed, he did not appeal the decision. (*Id.*)

Defendants assert that "frivolity" is a qualifying reason for a strike under § 1915(g), and therefore *Byrd* constitutes a strike. (Mot. at 6.) Plaintiff asserts in opposition that the district court "erroneously dismissed the action as frivolous," and attacks the rationale of the court's decision. (Opp. at 5-7.) Plaintiff also asserts that he has been unable to produce any documentary evidence from the *Byrd* action because his requests for documents have been ignored by the Virginia court, and that said documents could demonstrate whether the entire action was dismissed in its entirety or just with respect to

some of the claims. (*Id.* at 7.) Lastly, Plaintiff asserts that the fact that *Byrd* was denied "without prejudice" calls into question whether the entire matter was dismissed for a qualifying reason. (*Id.* at 8.)

With respect to Plaintiff's attack of the appropriateness of the dismissal as frivolous and the need for additional documentation from the Virginia court, neither of these arguments is a basis for disqualifying *Byrd* as a strike. Defendants have submitted a copy of *Byrd*'s four-page opinion, wherein the district court thoroughly discusses Plaintiff's motion for preliminary injunction, which initiated the action, before concluding as follows:

> [T]he court finds that even if plaintiff's motion for preliminary injunctive relief were construed as a civil rights complaint under 42 U.S.C. § 1983, it is utterly frivolous, inasmuch as none of plaintiff's allegations provide factual or legal basis for any possible constitutional claim. Accordingly, the entire matter shall be filed and dismissed as frivolous, pursuant to § 1915(d).

(Defs.' RJN, Ex. DD at 4.)

The Court's task in determining whether a case qualifies as a strike under § 1915(g) is only with respect to the fact and grounds of the dismissal, and not to revisit whether the dismissal was correctly decided; an appeal or motion for reconsideration is the appropriate avenue for such a challenge. Here, the clear language in the *Byrd* opinion is sufficient to establish that the matter was being dismissed "as a whole" as "utterly frivolous." (*Id.*); *see*, *e.g.*, *Andrews I*, 398 F.3d at 1120-1121 (docket sheets that showed the several cases that were dismissed were adequate proof of only the one case that the docket sheets showed was dismissed for failure to state a claim under Rule 12(b)(6); remanding case for the court to review the orders of dismissal and other relevant information for the other cases to see if they could count as strikes). Plaintiff has failed to explain what additional "documentary evidence" could be obtained to contradict the clear language of the district court's decision. In addition, the fact that the dismissal was "without prejudice," (Defs.' RJN, Ex. EE), does not preclude *Byrd* from being a strike because the Ninth Circuit does

not distinguish, for purposes of strikes, between dismissals with or without prejudice. *See*

*O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008).

Lastly, Plaintiff objects to *Byrd* being considered as a strike because "Defendants went outside the 9th Circuit's Mandate when they included *Byrd* after the [c]ase was reversed and remanded." (Opp. at 8.) Defendants object in reply, asserting that the authority on which Plaintiff relies does not support the proposition that this Court cannot consider additional and valid "strikes" that were not presented to or considered by the Ninth Circuit on appeal. (Reply at 3.) The Court agrees. When the Court directed Defendants to refile a motion to revoke Plaintiff's IFP, Defendants were instructed to specifically discuss the impact of *Washington* on the qualifications of *Bonner* and *Tilton*, in accordance with the Ninth Circuit's order on remand. They have done so. Neither the Ninth Circuit's mandate nor this Court's order on remand prohibited Defendants from arguing that Plaintiff had other cases that qualified as strikes under § 1915(g) to support their renewed motion.

Based on the foregoing, Defendants have shown that Plaintiff has suffered at least three "strikes" under § 1915(g). Accordingly, the instant complaint is subject to dismissal unless it appears that Plaintiff was in imminent danger of serious physical injury at the time the instant complaint was filed.

## C.   **Imminent Danger of Serious Physical Injury**

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (holding further that imminent danger must be shown at time of filing notice of appeal to obtain IFP status on appeal). "Imminent danger" may include an ongoing danger of serious physical injury. *See Ashley*, 147 F.3d at 717 (holding that plaintiff sufficiently

alleged ongoing danger where he had repeatedly been housed near enemies, despite his

protests, and where he filed his complaint very shortly after being attacked by an enemy);

*cf. Abdul-Akbar*, 239 F.3d at 315 n.1 (while declining to reach question of whether

"imminent danger" encompasses an ongoing danger of serious physical injury, noting that

the plaintiff's allegations of past acts of physical harassment were not sufficiently specific

or related to support an inference of an ongoing danger); *Medberry*, 185 F.3d at 1193

(finding no ongoing danger where plaintiff had been placed in administrative segregation

following physical assaults by fellow inmates and before he filed his complaint).

A district court should liberally construe the allegations in a complaint filed by a

*pro se* prisoner facing a § 1915(g) bar, construing all allegations in favor of the

complainant and crediting those allegations of "imminent danger" that have gone

unchallenged. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir 2002) (liberally

construing allegations in complaint for initial determination of whether prisoner is in

"imminent danger of serious physical injury"); *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir.

1998) (same). Plaintiff has the burden of proving that he was in imminent danger of

serious physical injury at the time he filed the instant action.

Defendants assert that the imminent danger exception does not apply to Plaintiff's

case. (Mot. at 10.) The Court agrees. In the complaint, Plaintiff claims that Defendants

delayed his access to photocopying and mailing his petition for a writ of habeas corpus,

which resulted in the petition being denied as untimely in both state and federal courts. He

claims that Defendants' actions resulted in the violation of his constitutional rights of

freedom of speech, access to the courts, equal protection, and due process, as well as

violations of state tort laws. (Compl. at 5-13.) There is no allegation that he was in

imminent risk of serious physical injury because of the alleged interference with his court

filings. Accordingly, the allegations in the original complaint fail to show that Plaintiff

was in imminent danger of serious physical injury or any "ongoing danger" due to

Defendants' actions at the time he filed the instant action. Plaintiff makes no argument in

1    opposition to show otherwise.

2          Based on the foregoing, Plaintiff has failed to meet his burden of showing that he

3    was in imminent danger of serious physical injury at the time he filed the complaint or

4    subject to an "ongoing danger." *Abdul-Akbar*, 239 F.3d at 312. Accordingly, Plaintiff is

5    not entitled to the exception under § 1915(g), and is barred from proceeding *in forma*

6    *pauperis* under § 1915(g) in this action. Plaintiff may only pursue this action if he pays the

7    filing fee in full, and he will be given an opportunity to do so. If he does not pay the full

8    filing fee, this case will be dismissed without prejudice to Plaintiff filing his claims in a

9    future case in which he does pay the full filing fee.

10

11                                    **CONCLUSION**

12         For the reasons stated above, the Court orders as follows:

13         1.    Defendants' motion to revoke Plaintiff's IFP status, (Docket No. 71), is

14   **GRANTED** pursuant to 28 U.S.C. § 1915(g).

15         2.    Plaintiff shall pay the full filing fee no later than **fourteen (14) days** from the

16   date this order is filed. **Failure to do so will result in the dismissal without prejudice of**

17   **this action without further notice to Plaintiff.**

18         This order terminates Docket Nos. 71, 72, and 79.

19         **IT IS SO ORDERED.**

20   Dated: May 17, 2018

21                                            BETH LABSON FREEMAN
                                             United States District Judge
22

23

24

25   Order Granting Motion to Revoke IFP; Directing P to Pay Fee
     PRO-SE\BLF\CR.13\04163Schrubb_grant-mtd(1915g)2
26

27

28                                           13